UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| RITA C. HALEY, | * | |
| | * | CASE NO. _____ |
| Plaintiff, | * | |
| | * | |
| v. | * | JURY DEMAND |
| | * | |
| DR. SOBROTO KUNDU, individually | * | |
| and d/b/a NEUROLOGY AND | * | |
| NEURODIAGNOSTICS, and | * | |
| ROMA KUNDU, individually and | * | |
| d/b/a NEUROLOGY AND | * | |
| NEURODIAGNOSTICS, | * | |
| | * | |
| Defendants. | * | |

## COMPLAINT

Comes the Plaintiff, by and through her attorneys, and for her claims against the Defendants would show unto the Court as follows:

1. This is a case to redress violations of the Fair Labor Standards Act, as amended. Jurisdiction exists in this Court by virtue of the provisions of 29 U.S.C §216(b) (and §15(a)(3)), 28 U.S.C §1331, and 28 U.S.C §1337.

2. The Plaintiff, Rita Haley, is a resident and citizen of the State of Tennessee. She resides in Georgetown, Meigs County, Tennessee.

3. Defendant Dr. Kundu is a neurologist who practices in Cleveland, Bradley County, Tennessee and who does business as Neurology & Neurodiagnostics at 2253 Chambliss Avenue NW #405, Cleveland, Tennessee. He is being sued in this action in his official and individual capacities. During the relevant time period he was a supervisor or manager of the Plaintiff.

4. Defendant Roma Kundu is the wife of Dr. Kundu. During the relevant time period she performed services for the Defendants and was a supervisor or manager of the Plaintiff. She is being sued in this action in her individual capacity and to the extent she is doing business as Neurology & Neurodiagnostics.

5. Defendant Neurology & Neurodiagnostics is an unknown entity under which Dr. Kundu performed neurology services.

6. The Defendants are employers engaged in or affecting interstate commerce. They are subject to the minimum wage and overtime provisions of the Fair Labor Standards Act, as amended, 29 USC §§ 201, et seq.

7. At all times relevant, the individual Defendants exerted control over the structure of the employment relationship involving the Plaintiff and the Defendants.

8. At all times relevant, the individual Defendants were acting directly or indirectly in the interest of an employer in relation to Plaintiff.

9. Plaintiff began working for Defendants in October of 2010 as an "Office Manager."

10. At the beginning of the employment relationship, the parties agreed that Plaintiff would be paid $20.00 per hour for her work.

11. At the onset of the employment relationship, Plaintiff was instructed by Roma Kundu to discuss all payroll issues with her.

12. Although Plaintiff was brought in with the title of "Office Manager," she quickly realized that the Defendants did not want her as a true manager.

13. Rather, Defendants micromanaged Plaintiff's work and performed all of the management functions themselves. Instead of having any independent discretion or true

supervisory duties, Plaintiff answered telephones, worked on filing, performed medical assistant duties, and worked on straightening out insurance reimbursement issues.

14. In the performance of those duties, Plaintiff routinely worked more than 40 hours per week.

15. Plaintiff was denied overtime pay for the same.

16. Plaintiff approached Roma Kundu about the denial of overtime. Roma Kundu promised that she would fix the errors.

17. As a result, Plaintiff complained to Dr. Kundu. Dr. Kundu instructed Plaintiff to discuss it with Roma Kundu.

18. During this time, Roma Kundu hired other employees who she worked off the clock and would terminate after several days of working for free.

19. Defendants engaged in a pattern and practice of violating the Fair Labor Standards Act.

20. All the time, Defendants made comments to Plaintiff and others indicating that American employees were lazy and that Indian employees could do the work of several American employees. They also referred to American employees or "people in this area" as inbreds and hillbillies.

21. Despite Plaintiff's complaints, Defendants refused to pay her overtime pay.

22. After making her complaints, Plaintiff was terminated. Upon her termination, she was told that her job was being eliminated.

23. The Defendants are and have been in violation of the overtime provisions of the Fair Labor Standards Act, as amended. Defendants are also in violation of the applicable record

keeping requirements of the Fair Labor Standards Act and the regulations enacted pursuant thereto.

24. Further, Plaintiff's termination was in retaliation for her assertion of rights (or opposition to practices believed to be unlawful) under the Fair Labor Standards Act.

25. The actions of the Defendants in terminating Plaintiff's employment are in violation of the anti-retaliation provision, Section 15(a)(3) of the Fair Labor Standards Act.

26. The actions of the Defendants were willful.

WHEREFORE, Plaintiff accordingly prays for the following relief:

a. That the Court issue an injunction requiring Defendants to reemploy Plaintiff at her former position or at an equivalent job with all employment rights and benefits to which she would have been entitled but for her discharge and without harassment or illegal conditions imposed on her job, or, in the alternative, front pay and benefits in lieu of reinstatement;

b. An appropriate Order awarding her all wages and compensation due to her, together with an equal amount as liquidated damages, back pay and an equal amount of liquidated damages, damages for humiliation and embarrassment, damages for emotional distress, and punitive damages;

c. Attorneys fees and litigation expenses under all applicable statutes;

d. Prejudgment interest;

e. A jury to try the issues in this cause; and

f. All such further relief to which Plaintiff may be found entitled.

BURNETTE, DOBSON & PINCHAK

By: _____
Donna J. Mikel, BPR# 020777
Attorneys for Plaintiff
711 Cherry Street
Chattanooga, TN 37402
Phone: (423) 266-2121
Fax: (423) 266-3324
Email: dmikel@bdplawfirm.com