UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| RITA C. HALEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 1:11-CV-265 |
| v. | ) | *Lee* |
| | ) | |
| DR. SOBROTO KUNDU, *Individually, et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the Court are the following motions filed by *pro se* Defendant Roma Trakru ("Defendant Trakru"): a motion for request to amend the scheduling order, to extend discovery, and for leave to amend answer, counterclaim, and affirmative defenses [Doc. 60], a motion for extension of time to file jury instructions [Doc. 61], and a motion to compel sworn affidavit [Doc. 65].

**I.     BACKGROUND**

This case was filed on September 16, 2011. An answer was filed on behalf of both Defendant Trakru and Defendant Dr. Sobroto Kundu ("Defendant Kundu") (collectively "Defendants") by attorneys Amy Blackwell and Douglas Blackwell on November 3, 2011. On January 6, 2012, the date of the parties' scheduling conference with the district judge, the parties consented to having their case conducted by the magistrate judge. On February 1, 2012, attorneys Scott McDearman and John Konvalinka entered an appearance on behalf of Defendant Kundu only; Amy Blackwell and Douglas Blackwell remained counsel for both Defendants.

A scheduling conference was held February 21, 2012 and a scheduling order was entered on February 28, 2012. With the agreement of all parties, the scheduling order set forth a deadline of

January 8, 2013 to amend pleadings,[1] a discovery deadline of February 5, 2013, a proposed jury instruction deadline of April 16, 2013, and a trial date of May 7, 2013 [Doc. 17]. No extension of the deadlines or trial date set in the scheduling order was sought by any party until Defendant Trakru's *pro se* request during (and, through the pending motions, after) the final pretrial conference held April 15, 2013.

On April 11, 2013, the Thursday preceding the Monday final pretrial conference, Defendant Trakru filed a motion indicating for the first time a desire to dismiss her attorneys and represent herself [Doc. 52]. Defendant Trakru and attorney Douglas Blackwell both appeared at the final pretrial conference along with counsel for Plaintiff and attorney John Konvalinka for Defendant Kundu. The Court (and counsel) reminded Defendant Trakru of certain difficulties and perils of self-representation and warned her that her decision to represent herself at trial, in and of itself, would not warrant a delay of the trial, but Defendant persisted in her decision to proceed *pro se*. There was no opposition to Defendant Trakru's motion to represent herself, and her attorney moved to withdraw Amy and Douglas Blackwell as counsel for both Defendants, which was granted upon agreement of all parties and counsel.

Acting *pro se* at the final pretrial conference, Defendant Trakru indicated she wanted to file various motions and she was directed to do so as soon as possible, resulting in the motions addressed herein. In the first motion [Doc. 60], Defendant Trakru seeks to file an amended answer which asserts a counterclaim and other affirmative defenses against Plaintiff and she further seeks to

---

[1] On October 2, 2012, Plaintiff timely moved to amend her complaint to correct the name of Defendant Roma Kundu to Roma Trackru, which motion was granted without objection. An answer to the amended complaint was filed on behalf of both Defendants on March 7, 2013. After the filing of the amended complaint with the name Roma Trackru, it was apparently determined this spelling was incorrect and Defendant's name is spelled Roma Trakru.

2

continue the trial date and discovery deadlines. In the second motion [Doc. 61], Defendant Trakru seeks additional time in which to file proposed jury instructions. In the third motion [Doc. 65], Defendant Trakru seeks to compel a sworn affidavit from Plaintiff regarding her time sheets. Plaintiff has filed a response to all three motions [Docs. 63, 64 & 70]; Defendant Kundu has not filed a response to any of Defendant Trakru's motions.[2] The Court will address each motion in turn.

**II.     MOTION TO AMEND ANSWER, EXTEND DISCOVERY, AND CONTINUE TRIAL**

In her motion to amend the scheduling order, to extend discovery, and to amend her answer to assert a counterclaim and affirmative defenses, Defendant Trakru represents that it was Plaintiff who caused delays in discovery and improperly expanded the scope of the trial resulting in Defendant Trakru's need to conduct more depositions and other discovery. Defendant Trakru also claims there was a communication breakdown between her and Douglas Blackwell such that he was representing her in form, but not in substance, as she told him to refrain from spending additional time on the case in January 2013 and, while responses and pleadings filed after this date were submitted jointly by attorneys Blackwell and McDearman/Konvalinka, the responses and filings actually lacked various defenses and issues she wanted to raise. Defendant Trakru indicates she failed to work closely with her attorneys during the development of the case and only realized there were omissions in her response to Plaintiff's amended complaint after reviewing the case file to prepare for the final pretrial conference. Defendant Trakru also takes issue with the Court's order on the motions in limine [Doc. 50] and, particularly as it pertains to the possible testimony of Sarah

---

[2] Plaintiff also filed a response [Doc. 74] to Defendant Trakru's reply [Doc. 76]. Plaintiff did not seek leave to file this response, which would be a surreply not permitted without the Court's leave, *see* E.D. Tenn. L.R. 7.1(d). The Court understands Plaintiff sought to respond to statements Plaintiff believed were erroneous in Defendant Trakru's reply, but the Court has not considered this document as it was filed without the Court's permission.

3

Miller and Tammara Gribble, she claims additional discovery is necessary as a result of the Court's ruling. It also appears that Defendant Trakru desires to discover testimony of other witnesses concerning Defendants' practices and other matters pertaining to the lawsuit. Finally, she claims it would prejudice her right to a fair trial to maintain the current trial date.

Plaintiff has filed a response opposing a continuance of the trial date and discovery deadlines and takes issue with Defendant Trakru's representation of the facts pertaining to the course of discovery and any alleged delays attributable to Plaintiff. In the response, Plaintiff presents an alternate view of the facts comprising the discovery process and argues that a continuance is not warranted because Defendant Trakru has not established good cause. Defendant Sobroto Kundu has not filed a response or taken any position on Defendant Trakru's motion.

A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Although courts consider the potential for prejudice to the opposing party when entertaining motions to modify a scheduling order, a court asked to modify a scheduling order for good cause may do so only if a deadline could not "reasonably be met despite the diligence of the party seeking the extension." *Marcilis v. Twp. Of Redford*, 693 F.3d 589, 597 (6th Cir. 2012) (quotation, citation, and alteration omitted). Defendant Trakru not shown good cause sufficient to support her requests.

Defendant Trakru apparently chose to instruct her lawyer to stop working on the case in January 2013, but did not request to proceed *pro se* until April 2013. She provides no legitimate justification for her apparent failure to discuss the case in detail with her attorney or to participate in discovery planning or trial strategy *prior* to January 2013, which she claims led to omissions from pleadings and incomplete discovery that form some of the basis for her motion. Prior to January

4

2013, Douglas Blackwell apparently had no instructions to limit his representation of Defendant Trakru. In and after January, Douglas Blackwell continued to sign pleadings and respond on Defendant Trakru's behalf as her attorney. In addition, many of the issues addressed in her motion also could have been timely asserted by Defendant Trakru herself if she chose to proceed *pro se* between January and April. Instead, she apparently relied on Defendant Kundu's attorney (as well as her own) and she delayed participating *pro se* in the case for months.

Defendant Trakru's last-minute attempt to raise several major issues a mere three weeks before the scheduled trial date fails. It is well past the deadline for amending pleadings and completing discovery, and all deadlines and the trial date have been available to Defendant Trakru and on the Court's calendar for over a year. Defendant Trakru's desire to assert a counterclaim against Plaintiff is extremely untimely given the expiration of amendment and discovery deadlines and the rapidly approaching trial date. Defendant Trakru's representations appear to indicate any fault in failing to file appropriate documents, take appropriate discovery, or prepare for trial stems from her and her former attorneys' purposeful conduct. Her attempt to pursue a different plan of action now does not provide the Court with a legitimate reason to extend the deadlines in this case.[3]

Defendant Trakru voluntarily and knowingly chose to proceed *pro se* after the Court discussed her lack of legal education, knowledge, and experience with her at the final pretrial conference and she was even informed that any decision to proceed *pro se* would not, by itself,

---

[3] In her reply, Defendant Trakru indicates that she was investigating other options and it took her some time to reach the decision to represent herself, which she argues shows diligence, not neglect. She also states that because discovery was still being conducted by agreement, she assumed deadlines had not passed and there was still time for her to file motions. Defendant Trakru's alleged lack of knowledge about what was transpiring in the case from January to April 2013, however, does not evince diligence or present good cause for her motion.

5

impact the current trial date. Defendant Trakru, who appears to be a highly educated person, decided to represent herself in spite of these hurdles. Any prejudice that Defendant Trakru now complains of is, in large part, of her own making.

Defendant Trakru is essentially asking the Court to begin the case anew or significantly expand the case with new claims and defenses a mere few weeks before the scheduled trial. Given Plaintiff's objection and the lack of good cause, the Court will **DENY** Defendant Trakru's request to amend the answer, extend the discovery deadline, and continue the trial date [Doc. 60]. Thus, Defendant Trakru may not file an amended answer asserting a counterclaim against Plaintiff and new affirmative defenses. The discovery deadline will not be extended.[4] This case will proceed to trial on the previously scheduled May 7, 2013 trial date.

**If Defendant Trakru elects to continue to proceed *pro se*, the Court expects her to be prepared for trial on May 7 to the best of her abilities and also expects her to be cognizant that the Court's prior rulings on motions in limine and other issues <u>will not</u> be revisited during the trial and all parties, including *pro se* parties, are expected to comply with the Court's orders.**

## III. MOTION TO EXTEND TIME FOR FILING JURY INSTRUCTIONS

As to Defendant Trakru's motion to extend the deadline for the filing of proposed jury instructions, she represents that she intends to present her proposed instructions to the Court prior to or at a tentative status conference, which may or may not be held by the Court on Friday, April 26, 2013. Plaintiff objects to any extension of deadlines requested by Defendant Trakru [Doc. 64]

---

[4] Of course, the parties may agree amongst themselves to conduct further voluntary discovery, but this would require mutual agreement by **all** parties and the Court will not intervene in any dispute among the parties about discovery conducted after the conclusion of the discovery deadline.

and Defendant Kundu has not filed a response or taken any position on Defendant Trakru's request. Given that trial will be proceeding as scheduled and Defendant Trakru seeks only a short extension for the filing of proposed jury instructions, the Court will **GRANT** her motion in this regard [Doc. 61]. Defendant Trakru may file proposed jury instructions with the Court by **5:00 p.m.** on **Friday, April 26, 2013**.

IV.     **MOTION TO COMPEL SWORN AFFIDAVIT**

In her final motion, Defendant Trakru expresses doubts as to the veracity of the original calendar of Plaintiff's hours worked, recently located and provided to Defendants [Doc. 62] and wants Plaintiff to complete a schedule under oath which would set forth her hours for each week of work. Alternatively, Defendant Trakru requests oral argument to allow her to explain the compelling circumstances behind the motion. Defendant Trakru indicates that she asked Plaintiff to complete the schedule, but Plaintiff refused to do so, citing the expired discovery deadline.

Plaintiff has filed a response alleging that Defendant Trakru's request is akin to an interrogatory and seeking information already provided to Defendant Trakru. Plaintiff also reproduced her interrogatory response to a similar question along with deposition excerpts which indicate both Defendants knew Plaintiff's working hours. Defendant Kundu again has not filed a response or taken any position on Defendant Trakru's request, although he filed a separate pleadings concerning the production of the original calendar.

As the Court has already indicated, the discovery deadline will not be extended. The original calendar has now been provided to Defendants for inspection. If Defendant Trakru believes the calendar contains inaccurate notes, she may cross-examine Plaintiff on this issue when and if the calendar is admitted into evidence during trial and Plaintiff is questioned regarding its contents, at

7

which time Plaintiff will be under oath. Accordingly, Defendant Trakru's motion to compel a sworn affidavit from Plaintiff [Doc. 65] will be **DENIED**.

## V. CONCLUSION

For the reasons stated above, Defendant Trakru's motion for request to amend the scheduling order, to extend discovery, and for leave to amend answer, assert counterclaim, and affirmative defenses [Doc. 60] is **DENIED**; her motion for extension of time to file jury instructions [Doc. 61] is **GRANTED**; and her motion to compel sworn affidavit [Doc. 65] is **DENIED**. Defendant Trakru is **ORDERED** to file her proposed jury instructions with the Court **by 5:00 p.m.** on **Friday, April 26, 2013**.

SO ORDERED.

ENTER:

s/ *Susan K. Lee*
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE