UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| RITA C. HALEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:11-cv-265 |
| | ) | *Lee* |
| DR. SOBROTO KUNDU, Individually and | ) | |
| d/b/a Neurology and Neurodiagnostics, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## **ORDER**

Currently pending before the Court is a motion to recuse and withdraw reference to the magistrate judge, which was filed by *pro se* Defendant Roma Trakru a/k/a/ Roma Kundu ("Defendant Trakru") less than two weeks before the start of the trial [Doc. 88]. It appears that Defendant Trakru contends I should recuse pursuant to 28 U.S.C. § 455(a) because my "associations" with one of Plaintiff Rita Haley's attorneys, Attorney Donna Mikel, create an appearance of impartiality. Given the looming trial date, the Court ordered the other parties to file an expedited response to the motion to recuse [Doc. 89]. Plaintiff filed a response in which she objects and argues that, because Defendant Trakru has now consented twice to proceeding before the magistrate judge, there is no good cause to vacate the consent and referral [Doc. 93]. Defendant Dr. Subroto Kundu did not file any response. For the reasons explained below, Defendant Trakru's motion [Doc. 88] will be **DENIED**.

# I.    BACKGROUND

Defendant Trakru claims a reasonable person could question my impartiality because of my "associations" with Attorney Mikel over the years. Defendant Trakru's motion appears to be based primarily on information she gathered from her recent, and apparently extensive, internet research about my and Attorney Mikel's overlapping attendance at bar association functions and work on court committees and Attorney Mikel's service on the Court's merit selection panel considering my reappointment last year. To a lesser extent, she also appears to question whether her attorney actually consented to proceeding before a magistrate judge on her behalf based on the way he filled out the standard consent to proceed before a magistrate judge form.

As relevant to the pending motion, on November 3, 2011, Douglas Blackwell, an attorney representing both Defendants, filed an answer on behalf of "Dr. Kundu and Roma Kundu" [Doc. 8]. On January 6, 2012, the date of a noticed scheduling conference with the assigned district judge, a standard consent to the magistrate judge form was completed by counsel for the parties and the form was signed by Attorney Blackwell as attorney for "Dr. Kundu" [Doc. 12]. Attorney Blackwell did not specifically note on the form that he was also the attorney of record for Defendant Trakru (then apparently still referred to as Ms. Kundu), but the form stated it was to be returned only if all of the parties consented to proceeding before the magistrate judge. The district judge signed the order of reference portion of the form the same day.

Attorneys with the firm of Grant, Konvalinka and Harrison, specifically Scott McDearman and John Konvalinka, entered an appearance on behalf of Defendant Kundu on February 1, 2012 [Doc. 14 & 15]. Subsequently, an initial scheduling conference was held in chambers on February 21, 2012. Counsel for all parties, specifically Attorneys Mikel, Blackwell and McDearman, were

present; no party chose to attend. During the conference, the attorneys for the parties were informed that Attorney Mikel and Attorney Tonya Cammon (a director/attorney at the firm of Grant, Konvalinka and Harrison) had recently served on my reappointment merit selection panel and that the panel's work had concluded with the issuance of its report to the Chief District Judge on February 1, 2012. Another specific item discussed during the scheduling conference was that all parties were consenting that all proceedings would be handled by the magistrate judge in accordance with 28 U.S.C. § 636(c), as reflected in the scheduling order issued February 28, 2012 [Doc. 17].

## II. ANALYSIS

Pursuant to 28 U.S.C. § 455(a), a justice, judge, or magistrate judge "shall disqualify [her]self in any proceeding in which h[er] impartiality might reasonably be questioned." In addition, a judge must also disqualify herself if "[s]he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. §455(b)(1). "[A] judge is presumed to be impartial, and the party seeking disqualification 'bears the substantial burden of proving otherwise.'" *Scott v. Metro. Health Corp.*, 234 F. App'x 341, 352 (6th Cir. 2007) (quoting *United States v. Denton*, 434 F.3d 1104, 1111 (8th Cir. 2006)). The test for recusal is whether "'a reasonable, objective person, knowing all of the circumstances, would have questioned the judge's impartiality.'" *United States v. Tolbert*, 459 F. App'x 541, 545 (6th Cir. 2012) (quoting *United States v. Sammons*, 918 F.2d 592, 599 (6th Cir. 1990)). "Section 455 is designed 'to promote confidence in the judiciary by avoiding even the appearance of impropriety whenever possible.'" *Scott*, 234 F. App'x at 354 (quoting *Union Planters Bank v. L & J Dev. Co.*, 115 F.3d 378, 383 (6th Cir. 1997)). "The judge need not recuse h[er]self under § 455(a) based on the subjective view of a party, no matter how strongly that view is held. . . "[j]udicial rulings will almost never serve as a

valid basis for recusal" and "[a] judge's past associations rarely provide a basis for recusal." *Kemp v. United States*, 52 F. App'x 731, 734 (6th Cir. 2002). *See also Reed v. Rhodes*, 179 F.3d 453, 468 (6th Cir. 1999) ("To make out a case for recusal under § 455(a), a movant must rely on extra-judicial conduct rather than matters arising in a judicial context.").

While Defendant Trakru now complains that her specific name does not appear separately listed on the original consent form signed by her attorney, she does not dispute that her attorney signed the form consenting to the magistrate judge at a time he represented both Defendants. As noted in prior orders, Attorney Blackwell continued to represent both Defendants until the final pretrial conference when Defendant Trakru elected to proceed *pro se*, at which time Attorney Blackwell moved to withdraw from representing both Defendants. At the final pretrial conference, because Defendant Trakru had requested to proceed *pro se*, Defendant Trakru was given an opportunity to privately consult with her attorney about proceeding before the magistrate judge and electing to proceed *pro se*. While privately consulting with her counsel during a recess, Defendant Trakru individually signed a consent to the magistrate judge form, then returned the executed form expressly stating her consent to proceeding before the magistrate judge *pro se* [Doc. 53].

It was only after her several efforts to delay the trial were unsuccessful that Defendant Trakru raised the issue of recusal, including a question about whether the original consent form signed by her attorney included her [Doc. 88]. To the extent Defendant Trakru is taking the position that her attorney did not consent to proceeding before the magistrate judge on her behalf and seeks to vacate the referral,[1] it cannot credibly be contended that the consent did not include her. The case

---

[1] Federal Rule of Civil Procedure 73(b)(3) provides that a referral may be vacated "for good cause--or when a party shows extraordinary circumstances."

proceeded for over a year before the magistrate judge and during this entire time, Defendant Trakru continued to be represented by the very attorney who signed the form. Indeed, Attorney Blackwell represented at the final pretrial conference that he thought he only represented Defendant Trakru as he had mistakenly thought the appearance of additional counsel for Defendant Kundu relieved him of his representation of Defendant Kundu.[2] The alleged defect in completing the consent form by her attorney will not suffice to support a claim Defendant Trakru did not consent. Even if the consent form signed by her attorney is not as clear as it should be, the conduct of Defendant Trakru and her attorney in this case over the course of a year constitutes implied consent under the reasoning of *Roell v. Withrow*, 538 U.S. 580 (2003) (parties' consent to disposition by a magistrate judge under 28 U.S.C. § 636(c) could be inferred from the parties' conduct during the litigation). Finally, even if her consent was not clear on the first form or implied by conduct, Defendant Trakru unquestionably consented to proceeding before the magistrate judge *pro se* at the final pretrial conference, apparently with the advice of her former counsel.

Turning to the issue of recusal, Defendant Trakru also appears to complain that the consent form was signed by her attorney at a time the merit selection panel included attorney Mikel. True, a merit selection panel was formed to consider the issue of my reappointment as a magistrate judge in late October of 2011. The panel included Attorney Mikel, Attorney Cammon, and other attorneys and community members. The merit selection panel completed its work by February 1, 2012, however, when the Chairman of the merit selection panel issued its report to the Chief District Judge. Shortly thereafter, my reappointment was approved at the meeting of the district judges held

---

[2] At the conference, it was noted that no motion to substitute counsel or withdraw had been filed. Thus, Attorney Blackwell continued to represent Defendant Kundu as well as Defendant Trakru until the final pretrial conference as reflected on the docket.

February 24, 2012, effective at the conclusion of my first term.

The initial scheduling conference was not held until after the merit selection panel had completed its work. As noted in Ethics Advisory Opinion No. 97 concerning the reappointment of magistrate judges:

> In the opinion of the Committee, ***during the period of time that the panel is evaluating the incumbent and considering what recommendation to make concerning reappointment***, a perception would be created in reasonable minds that the magistrate judge's ability to carry out judicial responsibilities with impartiality is impaired in any case involving an attorney or a party who is a member of the panel. Therefore, under Canon 3C(1), the magistrate judge is required to recuse in such a case. However, under Canon 3D, recusal in this situation would be subject to remittal should the magistrate judge decide to utilize the remittal procedure.

(Emphasis added).

No judicial responsibilities were undertaken by me in this case during the period of time the panel was evaluating me and considering what recommendation to make concerning my reappointment. The panel completed its work and submitted its recommendation weeks prior to the initial scheduling conference. While a remittal procedure could have been used at the initial scheduling conference even if the panel's work was not completed by the conference, it was not necessary to do so since the panel's work was completed. Even so, the attorneys present for the scheduling conference were informed of Attorney Mikel's work on the panel, of Attorney Cammon's work on the panel, and of the completion of the panel's work a few weeks prior. Under these circumstances, "a reasonable person, with knowledge of all the relevant circumstances that a reasonable inquiry would disclose, would not perceive [my] ability to carry out judicial responsibilities with integrity, impartiality and competence to be impaired merely because [Attorney Mikel,] who was a member of the panel that considered [my reappointment,] was appearing in a case

6

before [me].  *See* Advisory Opinion No. 97; *see also* 28 U.S.C. § 455(a).

Defendant Trakru's main argument for recusal seems to focus on what she deems to be more recent and frequent associations between me and Attorney Mikel than between and me and attorneys at Grant, Konvalinka & Harrison, the firm representing Defendant Kundu.  She appears to have spent a great deal of time (time that she represents in other motions is in too short a supply for trial preparation) engaged in internet research looking for a connection between me and various counsel.  While Defendant Trakru relies upon several articles she apparently printed from her internet searches, the articles provide no basis for recusal.  The articles do reflect work on various court committees and attendance at bar functions by me and various counsel, but they do not demonstrate any sort of relationship between me and any of the attorneys involved in this matter that would require recusal.  To the contrary, attorneys and judges should, and routinely do, work together on court committees and in bar associations to promote the prompt and efficient administration of justice.  *See Lawrence v. Chabot*, 182 F. App'x 442, 449 (6th Cir. 2006) (making the point that judges are often active participants in legal non-profit organizations); *United States v. Vaught*, 133 F. App'x 229, 232-33 (6th Cir. 2005) (noting the judge's acquaintance with an attorney related to the defendant, who had been a past president of the local bar association and involved in other professional organizations, was not grounds for recusal).

Accordingly, I find no basis for recusal under 28 U.S.C. § 455 and no basis for vacating the referral.  *See Moses v. Sterling Commerce (America), Inc*., 122 F. App'x 177, 181(6th Cir. 2005) (it is appropriate for the magistrate judge to rule on the request to vacate).

### III.    CONCLUSION

For the reasons outlined above, Defendant Trakru's motion [Doc. 88] is **DENIED**.

SO ORDERED.

ENTER:

s/ *Susan K. Lee*
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE