UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

RITA C. HALEY,                              )
                                            )
           Plaintiff,                       )
                                            )
                                            )            1:11-CV-265
v.                                          )            *Lee*
                                            )
                                            )
DR. SOBROTO KUNDU, *Individually, et al.*,  )
                                            )
           Defendants.                      )

## ORDER

Before the Court are oral motions made pursuant to Federal Rule of Civil Procedure 50 at the close of the evidence in the jury trial on this matter.

**I.   STANDARD OF REVIEW**

Fed. R. Civ. P. 50(a) provides, in part:

> (1) In General.  If a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may:
>
> > (A) resolve the issue against the party;
>
> > (B) grant a motion for judgment as a matter of law against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue.

The Rule previously used the term "directed verdict" and, to survive such a motion, there had to be "sufficient evidence such that there is a controverted issue of fact upon which reasonable minds

could differ." *Zamien v. City of Cleveland*, 906 F.2d 209, 214 (6th Cir. 1990). "After taking the evidence in a light most favorable to the nonmoving party, a motion for directed verdict may only be granted if it is clear that reasonable people could come to but one conclusion from the evidence." *Id.*

## II. DEFENDANTS' MOTION

The first motion to be addressed in this Order, asserted by Defendant Dr. Kundu ("Defendant Kundu") and joined in by *pro se* Defendant Roma Trakru ("Defendant Trakru"), is Defendants' contention that Plaintiff did not make a proper complaint under the Fair Labor Standards Act ("FLSA"). In support of the motion, Defendants cited *Snipes v. Ne. Pharm., Inc.*, No. 2:11cv1000-SRW, 2013 WL 757628 (M.D. Ala. Feb. 27, 2013). The *Snipes* court found that the plaintiff had not made a complaint under the FLSA because the e-mail at issue "does not allude to the nonpayment of overtime, and does not indicate that the thirty-two hours at issue were worked in excess of forty hours in a work week. Neither does plaintiff's e-mail suggest that [Defendant's] failure to pay her for time spent commuting each day. . . constituted a failure to pay plaintiff the minimum wage mandated by the FLSA." *Id.* at *9. Instead, the court characterized the e-mail as complaining that the unpaid travel time was not consistent with what the plaintiff had been told originally. *Id.*

The United States Court of Appeals for the Sixth Circuit has determined that the anti-retaliation provision of the FLSA must be invoked by the assertion of statutory rights, but the complaint need not be formal. *See Moore v. Freeman*, 355 F.3d 558, 562 (6th Cir. 2004); *EEOC v. Romeo Cmty. Schools*, 976 F.2d 985, 989 (6th Cir. 1992). In *Romeo*, the plaintiff's assertion that she believed the defendants were "breaking some sort of law" was sufficient to invoke her statutory

2

rights. *Romeo*, 976 F.2d at 989. In response to Defendants' motion, Plaintiff cited the case *Light v. Mapco Petroleum, Inc.*, No. 3:04-0460, 2005 WL 1868766 (M.D. Tenn. Aug. 4, 2005). In *Light*, the court found that Plaintiff's complaints that the store managers "didn't make enough for what [they] did" and were "working all the hours and not getting compensated for it" were adequate complaints under the FLSA. *Id.* at *11. The *Light* court characterized the plaintiff's complaints as being "specifically about the extra hours and pay" and found sufficient evidence of a genuine issue of material fact as to whether the plaintiff engaged in protected activity. *Id.*

Here, the evidence presented established Plaintiff specifically referenced her rate of pay, compensation for hours worked, and her work hours. Accordingly, there is sufficient evidence to create an issue of fact for the jury on the question of whether she engaged in protected activity under the FLSA, and Defendants' motion for judgment as a matter of law on this issue will be **DENIED**.

### III. PLAINTIFF'S MOTION

Plaintiff moved for judgment as a matter of law on Defendant Trakru's argument that Plaintiff could also qualify as an exempt "executive employee." Plaintiff asserted that the requirements of this exemption were not established because there was no evidence that she "customarily and regularly" directed the work of two or more full-time employees. Defendant Trakru, in response, argued that Plaintiff could direct the work of two or more full-time employees *or their equivalent* and claimed the evidence established there was an equivalent combination of employees whose work Plaintiff directed. Plaintiff has since filed a memorandum in support of her motion [Doc. 125].

To qualify for the executive employee exemption, the employee must be compensated on a salary basis of a rate at least $455 per week, the employee's primary duty is the management of the

3

enterprise or a customarily recognized department of the enterprise, the employee must "customarily and regularly direct[] the work of two or more other employees," and the employee must either have the authority to hire or fire employees, or the employee's suggestions and recommendations as to hiring, firing, promotions and the like are given particular weight. 29 C.F.R. § 541.100. The regulations further state as follows:

> To qualify as an exempt executive under § 541.100, the employee must customarily and regularly direct the work of two or more other employees. The phrase "two or more other employees" means two full-time employees or their equivalent. One full-time and two half-time employees, for example, are equivalent to two full-time employees. Four half-time employees are also equivalent.

29 C.F.R. § 541.104(a). The Department of Labor ("DOL") Field Operations Handbook includes the following additional information: "Full-time generally means someone who works 40 or more hours per week. If occasional, temporary or part-time employees are involved when determining if the two full-time employee equivalency is met, an exempt executive must supervise two or more employees for a combined total of 80 hours of work by such employees. In other words, the total number of hours worked by subordinate employees supervised must ordinarily total 80 hours within the workweek to qualify as the equivalent of two full-time employees." DOL Field Operations Handbook § 22b02(b), available at www.dol.gov/whd/FOH/FOH_Ch22.pdf; *see also Sec'y of Labor v. Daylight Dairy Prods., Inc.*, 779 F.2d 784, 787 (1st Cir. 1985) (discussing the "bright line" 80

4

hour of supervision rule).[1] In addition, "[o]nly other employees of the employer may be considered when determining if the two full-time employee equivalency is met; *supervision of volunteers, employees of independent contractors, or any other 'non-employees' (trainees, interns) in relation to the employer are not considered for purposes of this test*." DOL Field Operations Handbook § 22b02(b), available at www.dol.gov/whd/FOH/FOH_Ch22.pdf (emphasis added).

Defendant Kundu did not join in this motion, instead advocating that the only exemption which applies is the "administrative employee" exemption. Nonetheless, Defendants did not solicit testimony during trial which would establish Plaintiff's supervisory duties met this 80 hour bright line rule. Instead, the testimony established that for much of the time Plaintiff worked for

---

[1] Following Plaintiff's oral motion, Defendant Trakru submitted two cases for the Court's consideration. In one case, there was clear evidence that the employee had indeed supervised at least 80 hours of employee work for most weeks. *See Diaz v. Team Oney, Inc.*, 291 F. App'x 947, 950 (11th Cir. 2008) (plaintiff had "met or exceeded 80 hours of supervisory work per week in at least 42 of the 52 applicable weeks (or 86%) - which is more than sufficient to show that [plaintiff] customarily and regularly directed the supervision of two or more employees."). In the other case, the United States Court of Appeals for the Eleventh Circuit stated as follows:

> In his deposition, [plaintiff] testified that the produce department consisted of five employees, including himself, during his first week of employment, but that after the first week, "two of them were reduced" and that ultimately, there were "three less" employees in the department. [He] also testified that after the first week, there were "three [employees in the produce department] in the morning and one in the afternoon." Considering the testimony in the light most favorable to [plaintiff], after his first week on the job, [plaintiff] supervised two half-time employees in the morning and was by himself in the department in the afternoon. . . Accordingly, we conclude that [defendant] has not satisfied its burden of proving that [plaintiff] regularly directed the work of two or more full-time employees.

*Barreto v. Davie Marketplace, LLC*, 331 F. App'x 672, 677 (11th Cir. 2009). As such, neither case is analogous to the testimony had during this trial.

5

Defendants, the only other full-time employee that Plaintiff could have supervised was Tish Capps. Based on the testimony, Ms. Capps' hours varied greatly. Although the testimony did establish there was some combination of full- and half-time employees shortly before Plaintiff's departure, there was no testimony that Plaintiff supervised 80 hours of work in her last one or two weeks of work and, even if there had been, it is unlikely that supervising the adequate hours of work for a week or two of employment would mean that Plaintiff "customarily and regularly" directed such work as required by the regulations. It appears Defendant Trakru is relying on individuals who worked as contract employees to satisfy this equivalency test, but there was some limited testimony which only established that, at most, Plaintiff told the contract employees when the patients were scheduled to be there. Providing this limited information to contract employees is not supervision. In any event, per the DOL handbook, work hours of volunteers and contract employees cannot be considered to determine if the combination of supervised employees is equivalent.[2]

In the absence of any proof that Plaintiff customarily and regularly directed 80 hours of other employee work per week, there is no issue upon which reasonable minds could differ. Accordingly, Plaintiff's motion for judgment as a matter of law on the "executive employee" exemption is **GRANTED**.

---

[2] In fact, Plaintiff questioned Defendant Trakru about one of Defendants' interrogatory responses concerning other employees at the practice. Defendant Trakru's testimony made clear that none of the contract employees were listed in response to this interrogatory because they were not considered employees. Although Defendant Trakru submitted another case for the Court's consideration which she asserts distinguishes between employees of an independent contractor v. independent contractors, the case cited, *Espenscheid v. DirectSat USA, LLC*, 705 F.3d 770 (7th Cir. 2013), addresses whether employees who functioned more like independent contractors qualified as covered employees for the purposes of the FLSA's overtime and minimum wage provisions. *Id.* at 772-73. It does not, therefore, address the question before the Court.

## IV. CONCLUSION

Accordingly, Defendants' motion for judgment as a matter of law on the issue of whether Plaintiff engaged in protected activity under the FLSA is **DENIED** and Plaintiff's motion for judgment as a matter of law on the "executive employee" exemption is **GRANTED**.

SO ORDERED.

ENTER:

s/ *Susan K. Lee*
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE
